IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-466-D

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OMAR RASHARD MCFADDEN, | ) | |
| Defendant. | ) | |

On March 8, 2022, Omar Rashard McFadden ("McFadden" or "defendant") moved pro se for a reduction of sentence under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 71]. On the same day, the court appointed McFadden counsel pursuant to standing order 19-SO-3 [D.E. 72]. On March 25, 2022, McFadden's appointed counsel moved for an extension of time to determine whether McFadden qualified to seek a reduction of sentence [D.E. 74].[1] On April 27, 2022, McFadden, through counsel, moved for compassionate release under the First Step Act [D.E. 75] and attached documents in support [D.E. 76]. On May 11, 2022, the government responded in opposition [D.E. 79]. McFadden did not reply. On August 22, 2022, McFadden filed two additional motions pro se requesting a sentence reduction [D.E. 82, 83]. As explained below, the court denies McFadden's motions for sentence reduction and compassionate release.

I.

On May 20, 2020, pursuant to a written plea agreement [D.E. 37], McFadden pleaded guilty

---

[1] As McFadden's counsel has already filed a motion for compassionate release, the motion for an extension of time [D.E. 74] is dismissed as moot.

to possession of a firearm by a felon. See [D.E. 1, 35]. On May 10, 2021, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 44]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); [D.E. 68]. The court calculated McFadden's advisory guideline range as 92 to 115 months' imprisonment based on a total offense level of 23 and a criminal history category of VI. See [D.E. 70] 1. After granting the government's motion for a downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McFadden to 72 months' imprisonment. See [D.E. 69]. McFadden did not appeal.

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion

2

requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's

3

age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On September 22, 2021, McFadden applied to his warden for compassionate release and was denied. See [D.E. 79-1] 3, 6. The government agrees that McFadden has met 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 79] 3. Therefore, the court addresses McFadden's motion on the merits. See Muhammad, 16 F.4th at 130.

McFadden seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (heart conditions and hypertension), his rehabilitative efforts, his release plan, and his supportive family. See [D.E. 75] 5–6; [D.E. 80] 4.[2]

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). McFadden claims he has hypertension and an abnormal heart condition stemming from a heart attack and cardiac tamponade. [D.E. 75] 5–6; [D.E. 80] 4; PSR ¶ 45. McFadden's medical records also suggest he suffers from shortness of breath, pain, cannabis use disorder, and a depressive disorder which is currently in remission. [D.E. 80] 4. McFadden argues his medical

---

[2] McFadden's pro se motions for reduction of sentence [D.E. 71, 82–83] do not add any arguments except for mentioning unexplained "preexisting obligations."

4

conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 81] 13; [D.E. 75] 3–6. Other than the risk from COVID-19, McFadden does not argue that the BOP is not providing treatment for his hypertension, his heart problems, and other underlying medical conditions. See [D.E. 71, 75, 82–83]. McFadden has received two doses and a booster shot of the Pfizer-BioNTech COVID-19 vaccine. See [D.E. 80] 1; [D.E. 79] 3. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection ... this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary

5

and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to McFadden from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing McFadden's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, McFadden's medical conditions, his rehabilitative efforts, and his release plan are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing McFadden's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

McFadden is 32 years old and engaged in serious criminal conduct in 2019. See PSR ¶¶ 1, 6. McFadden, a convicted felon who was on probation, possessed a high-powered AK-47 assault rifle with a large capacity magazine. See id. McFadden is a violent recidivist with convictions for driving after consuming alcohol, criminal mischief, driving while licence revoked, unlawful imprisonment, common law uttering, assault on a female, false imprisonment, stalking, assault by pointing a gun, assault with a deadly weapon with intent to kill, assault inflicting serious injury with a minor present, breaking and entering, malicious assault in secret, domestic violence

6

protective order violation with deadly weapon, possession with intent to manufacture, sell, and deliver cocaine, resisting a public officer, and habitual misdemeanor assault. See id. ¶¶ 12–24. McFadden also has a history of violating probation. See id.

McFadden has a generally positive record while federally incarcerated. He has taken classes on drug addiction, math, writing, and other topics. See [D.E. 79-1] 8–10. McFadden also worked on administrative and recreation details. Id. at 10. The record does not show any infractions for the current period of federal incarceration.

The court must balance McFadden's generally positive efforts while federally incarcerated with his serious criminal conduct, his serious criminal history, his history of poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, Nos. 20-14 & 20-16, 2022 WL 10217083, at *8–9 (4th Cir. Oct. 18, 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered McFadden's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, and his release plan. McFadden has a release plan that includes living with his sister and wife in Fayetteville, North Carolina and working for a landscaping company. See [D.E. 75] 7. The court recognizes McFadden has a supportive family. See id. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, McFadden's arguments, the government's persuasive response, the need to punish McFadden for his serious criminal behavior, to incapacitate McFadden, to promote respect for the law, to deter others, and to protect society, the court denies McFadden's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Roane, 2022 WL 10217083, at *8–9; High, 997 F.3d at 187–91; Ruffin, 978 F.3d

7

United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

McFadden also requests home confinement under the CARES Act. See [D.E. 75] 3. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent McFadden is requesting that the court recommend home confinement to the BOP, the court declines. Thus, the court dismisses McFadden's request for home confinement.

III.

In sum, the court DENIES McFadden's motions for reduction of sentence [D.E. 71, 82, 83] and compassionate release [D.E. 75], and DISMISSES as moot McFadden's request for an extension of time [D.E. 74].

SO ORDERED. This _31_ day of October, 2022.

JAMES C. DEVER III
United States District Judge